### IN RE VITELLI

DETECTIVES—REVOCATION OF LICENSE HELD JUSTIFIED FOR DECEIVING STATE'S WITNESS.

Where a private detective led a state witness to believe that he was a detective from the police department of the city and caused the witness to give information which she would not have given had she known he was a private detective employed by the defendant, his license to conduct a business as private detective granted under *Rev. Code* 1915, § 569, should be revoked.

*(January 26, 1921)*

CONRAD and HEISEL, J. J., sitting.

*Aaron Finger*, Deputy Atty.-Gen., for petition.

*Alexander Jamison* for respondent.

Court of General Sessions for New Castle County, January Term, 1921.

RULE No. 32, January Term, 1921.

In the matter of application of Townsend, Attorney-General, for a rule to show cause why the license of Alfred J. Vitelli to conduct the business of a private detective should not be revoked. License revoked.

The rule coming on to be heard, it was shown as alleged in the petition preferred to the court that Vitelli was licensed by the court under the provisions of *Rev. Code* 1915, § 569, to conduct the business of a detective for hire or reward; that on or about—, while so licensed, he called at the home of Mrs. Florence L. Converse with reference to a criminal case then pending in the municipal court for the city of Wilmington and falsely represented himself to her to be a detective from police headquarters at the city hall, and by means of such representation he obtained from Mrs. Converse, the prosecuting witness for the state in said case, full information concerning the state's case.

Vitelli admitted that he had been employed by the accused in the said criminal case "to try to locate the guilty man"; that Mrs. Converse asked him if he was "a detective from this city," to which he replied, "Yes." and flashed his shield; that he at no time and in no manner attempted or intended to deceive her as to his identity or official character.

CONRAD, J. It is the opinion of the court that cause has been shown which warrants the revocation of the license issued by this court to the respondent in the rule. The facts as brought out by the testimony, were clear that Mrs. Converse was led to believe, from what the respondent said to her, that he was a detective from the police department of the city, and in that way she was misled in giving information to the respondent which she would not have done if she had known he was a private detective.

The order is that the license issued to Alfred J. Vitelli be, and it is, revoked.